KRAMER v. OAKLAND COUNTY ELECTION COMMISSION.

1. Justices of the Peace—Elections—Statutes—Constitutional Law.
    Purpose of statute which eliminates justices of the peace as elective township officers, eliminates justices of the peace as one of the township officers to be elected at November elections in even numbered years, and extends terms of offices of all present justices of the peace to December 31, 1968, *held*, clearly to provide for the orderly transition between abolition of the justice of the peace courts and the courts of limited jurisdiction the legislature may create under mandate of Constitution (Const 1963, art 6, § 26; CLS 1961, §§ 168.341, 168-.358, 168.362, as amended by PA 1966, No 44).

2. Same—Extension of Term—Nominating Petitions—Mandamus.
    Statute providing that justices of the peace heretofore elected and now in office should continue therein during remainder of term for which elected and then extending "term of office of all incumbent justices of the peace" to December 31, 1968, unless sooner terminated by legislative act, extended terms of such officers to that date regardless of how they became justices of the peace, hence, plaintiff's petition for mandamus to

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur, Public Officers §§ 33–35.
[2] 43 Am Jur, Public Officers § 151.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

compel acceptance of nominating petitions for such an office filled by an appointed incumbent should have been denied, the Constitution having directed abolition of the office and for extension of terms of officers until their offices are abolished or successors selected and qualified under new Constitution (Const 1963, art 6, § 26; sched § 3; CLS 1961, §§ 168.341, 168.358, 168.362, as amended by PA 1966, No 44).

3. Costs—Public Question—Mandamus—Nomination Petitions.
Costs are not awarded on appeal from issuance of writ of mandamus to compel acceptance of petitions to qualify as candidate for office of justice of the peace, a public question being involved (Const 1963, art 6, § 26; sched § 3; CLS 1961, §§ 168.341, 168.358, 168.362, as amended by PA 1966, No 44).

Appeal from Oakland; Thorburn (James S.), J. Submitted Division 2 September 14, 1966, at Lansing. (Docket No. 2,501.) Decided September 27, 1966.

Complaint by Richard D. Kramer for writ of mandamus to compel the Oakland County Election Commission, consisting of Donald E. Adams, John D. Murphy, and James Seeterlin, and Dorothy Chamberlain, Clerk of West Bloomfield township to accept his petitions to qualify as candidate for the unexpired term of office of justice of the peace. Writ issued. Defendants appeal. Reversed.

*Richard B. Kramer,* in *propria persona,* and *Kasoff, Young, Gottesman & Kovinsky (Harry H. Young,* of counsel), for plaintiff.

*Christian F. Powell,* for defendants.

Quinn, J. Christian F. Powell was appointed justice of the peace for West Bloomfield township, Oakland county and continues to hold such office by that appointment. Plaintiff attempted to file petitions to qualify as a candidate for the unexpired

term of the office to which Powell was appointed, but his petitions were refused by the defendant township clerk on the basis of the provisions of PA 1966, No 44.*  Plaintiff thereupon sought and obtained a writ of mandamus from the Oakland county circuit court requiring defendant clerk to accept plaintiff's petitions and to certify him as a candidate for the office now held by Powell, at the November, 1966, election.  Defendant clerk appeals claiming erroneous interpretation of Act No 44 by the circuit court.

Act No 44 amends section 341 by eliminating therefrom justices of the peace as elective township officers.  As far as pertinent here, Act No 44 amends section 358 by eliminating justice of the peace as one of the township officers to be elected at November elections in even numbered years.  That part of Act No 44 requiring interpretation is the following language added to section 362:

"Justices of the peace heretofore elected and now in office shall continue to perform the duties of their offices, as provided by law, during the remainder of the term for which they were elected.  The term of office of all incumbent justices of the peace ending at any time prior to December 31, 1968, is extended to December 31, 1968, unless sooner terminated by an act of the legislature."

When this language is read in conjunction with Const 1963, art 6, § 26, the intent of the legislature is clear, namely: to provide for the orderly transition between abolition of the justice of the peace courts and the courts of limited jurisdiction the legislature may create under mandate of section 26.

Section 3 of schedule and temporary provisions of Const 1963 provides:

---

* This act amends sections 341, 358 and 362 of PA 1954, No 116; CLS 1961, §§ 168.341, 168.358 and 168.362 (Stat Ann 1956 Rev §§ 6.1341, 6.1358 and 6.1362).

"Except as otherwise provided in this constitution, all officers filling any office by election or appointment shall continue to exercise their powers and duties until their offices shall have been abolished or their successors selected and qualified in accordance with this constitution or the laws enacted pursuant thereto."

When the language that was added to section 362 by Act No 44 is read in conjunction with section 3, *supra,* it is likewise clear that the additional language is in compliance with section 3, and such language extends the term of all justices of the peace whose terms expire prior to December 31, 1968 to that date, regardless of how they became justices of the peace.

Reversed. No costs, a public question being involved.

McGREGOR, P. J., and T. G. KAVANAGH, J., concurred.